[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED SEPTEMBER 9, 1997
Three substantive issues are involved in this case. First is the issue of whether a foreclosure of realty is a change in circumstances that allows a subsequent property owner to obtain an interim revaluation of that property. Second is the issue of whether a prior stipulation and judgment collaterally bars the property owner from relitigating the same issue. Third is the issue of whether the one year statute of limitations in § 12-119 bars this action with respect to the grand list October 1, 1995.
The plaintiff, Capitol Center L.L.C. (Capitol), is the owner of a six-story multi-tenant office building located over a one-level basement parking garage at 370 Asylum Street, Hartford. Capitol acquired the subject property in July 1995 from a subsidiary of People's Bank. People's Bank acquired the subject property through a foreclosure proceeding in which Colonial Capitol Limited Partnership (Colonial) was foreclosed out of its equity of redemption in December 1994. CT Page 3251
During the period of time in which Colonial owned the subject property, it contested the assessor's valuation on the grand lists of October 1, 1989 through October 1, 1993. On September 12, 1994, Colonial and the City of Hartford stipulated that the true and actual valuation as of October 1, 1989 was $13,180,000. Judgment was entered based on this stipulation in the Superior Court at Hartford on September 22, 1994.
Capitol now seeks a revaluation of its property on the list of October 1, 1995, and October 1, 1996, on the theory that Colonial was previously foreclosed out of its property. Capitol theorizes that Ralston Purina Co. v. Board of Tax Review,203 Conn. 425, 525 A.2d 91 (1987), and Pauker v. Roig, 232 Conn. 335,654 A.2d 1233 (1995), hold that "going out of business" is an exception to the rule that town-wide revaluations need only be made once each decade. Since Colonial was forced out of the subject property through a foreclosure proceeding, Capitol claims that this foreclosure of Colonial allows Capitol to seek an interim revaluation on the lists of October 1, 1995, and October 1, 1996.
We have had the opportunity to face the "going out of business" issue in High Walnut Parking L.L.C. v. City of Hartford, judicial district of Hartford/New Britain at Hartford, docket no. CV96-0560499 (Aronson, J.). In High Walnut, we concluded that "[n]either Pauker nor Ralston Purina specifically held that assessors are required to undertake an interim revaluation because of a decision by the taxpayer to go out of business."Id., p. 4. In fact, neither the plaintiff in High Walnut, nor the plaintiff in this action was the taxpayer who went out of business. We held in High Walnut that there was "no statutory or case law authority for a taxpayer to claim an interim revaluation of his or her property solely on the fact that the previous possessor of the real estate went out of business." Id., p. 6. We find nothing in the plaintiff's court presentation or brief to persuade us to hold otherwise.
On the second issue, the stipulation between Colonial and the City of Hartford was a resolution of a litigated matter concerning the fair market value of the subject property on the revaluation year of October 1, 1989. Where taxpayers contest the assessor's determination of fair market value made during the decennial revaluation year in any subsequent year, the issue becomes what was the fair market value of the property at the year of revaluation, not in subsequent years. See Jupiter Realty Co. v. Board of Tax Review, CT Page 3252242 Conn. 363, 373-74 (1997). Where the issue on appeal is the fair market value of the property on the revaluation date, a stipulation of the parties as to the value on that date becomes the correct valuation until the next town-wide revaluation performed pursuant to § 12-62.Great Meadow Associates Limited Partnership v. Town of Rocky Hill, judicial district of Hartford/New Britain at Hartford, docket no. CV94-0537058 (November 22, 1995, Aronson, J.), aff'd,43 Conn. App. 917, 684 A.2d 1225 (1995) (per curiam). Since the previous owner stipulated to the fair market value of the property on the list of October 1, 1989 (the revaluation year), and the court entered judgment upon that stipulation, the parties are collaterally estopped from relitigating the same issue of valuation of the property as of October 1, 1989. "Collateral estoppel prohibits the relitigation of an issue of fact or law that `was actually litigated and determined by a valid final judgment.' Crochiere v.Board of Education, 227 Conn. 333, 343, 630 A.2d 1027 (1993)."Great Meadow Associates Limited Partnership v. RockyHill, supra, p. 3; see also Uniroyal, Inc. v. Board of TaxReview, 182 Conn. 619, 633, 438 A.2d 782 (1981). The determination of value previously agreed upon for the revaluation year is conclusive and precludes Capitol from relitigating the same issue.
The third issue is whether the third count was brought more than one year "from the date as of which the property was last evaluated for purposes of taxation." General Statutes § 12-119. The third count of the plaintiff's complaint was added by amendment on March 27, 1997. In the third count, the plaintiff claims that the assessments for the grand lists of October 1, 1995 and October 1, 1996 were manifestly excessive, in violation of General Statutes § 12-119. Under the one year statute of limitations in § 12-119, the challenge to the list of October 1, 1995 would have had to be brought within one year of October 1, 1995. Since it was not brought within that time, and the defendant has challenged its timeliness, the statute of limitation applies. As to the year of October 1, 1996, collateral estoppel precludes the plaintiff from challenging the valuation as "manifestly excessive" when the plaintiff's predecessor in interest and the defendant stipulated to the valuation on the list of October 1, 1989.
In summary, we find that the stipulated judgment in September 1994, establishing the fair market value of the property until the next revaluation precludes the plaintiff from now claiming that the action of the assessors in setting the original value was illegal. We also find that "going out of business" by a previous CT Page 3253 owner is not an exception to the rule against interim assessments.
Accordingly, the plaintiff's appeal is dismissed without costs to either party.
ARONSON, J.